■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL ALEXANDER, Appellant.— Judgment of the Supreme Court, Kings County, rendered September 11, 1972, affirmed. One of the issues raised by defendant on appeal is that he did not waive his right to counsel. In support of this claim, defendant states that he asked the Assistant District Attorney prior to his interrogation: "You said that if I want an attorney present that's my right to have an attorney present?" To this, the Assistant District Attorney clearly did not give a responsive answer. He said in part: "Anything that I may ask you, it is entirely up to you whether or not you decide to answer it." However, prior to this colloquy, the defendant had been advised of his right to counsel and stated that he understood it. Defendant then parroted two statements made by the Assistant District Attorney. The first related to the use of any statement made by defendant. The second referred to the matter of counsel to which the nonresponsive answer was given. The warnings were clear and concise. They were knowingly acknowledged and the rights waived by defendant. In context, the nonresponsive answer is not deceptive or coercive. When the defendant was advised of his rights by the Assistant District Attorney, it was for the third time that day. Defendant cites *People* v. *Noble* (9 N Y 2d 571) for the proposition that the nonresponsive answer mandates reversal. The

offensive colloquy in *Noble* is clearly distinguishable from any aspect of this case. The questions by the police officer and the defendant's responses in *Noble* were as follows (p. 574): " 'Q. What happened at 1973 81st Street, James? A. Am I compelled to answer these questions before I consult legal counsel? Q. What happened? A. After I speak to legal counsel, I will speak to you. Q. If I ask you any more questions, what would your answers be? A. After I speak to legal counsel, I will talk to you. Q. James, do you want to make a statement? A. I do. Q. Do you want to see your lawyer as you told me before? A. No, I tell you the truth, everything that happened.' " The Court of Appeals reversed the judgment which was based almost entirely upon this patently improperly induced statement. Accordingly, we find that the judgment should, in all respects, be affirmed. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.